UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHELDON SOULE,<br><br>            Plaintiff,<br><br>   v.<br><br>CITY OF EDMONDS, et al.,<br><br>            Defendants. | C14-1221 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on a motion for summary judgment, docket no. 37, brought by defendants The Taste of Edmonds, The Edmonds Chamber of Commerce, and The Taste of Edmonds Beer Garden Operators (John and Jane Does), collectively, the "Commerce Defendants." Having reviewed all materials filed in support of, and in opposition to,[1] the pending motion for summary judgment, the Court enters the following order.

**Background**

Plaintiff Sheldon Soule alleges that he was injured during the course of his arrest by members of the City of Edmonds Police Department on August 11, 2012, after he

---

[1] The Commerce Defendants' motion to strike, docket no. 49, certain materials filed by plaintiff in response to the pending summary judgment motion is DENIED. The Court declines to strike the various inadmissible documents, but it has considered them only to the extent appropriate. See Fed. R. Civ. P. 56(c).

ORDER - 1

undisputedly assaulted another man named Brian Baker.[2]  Plaintiff asserts that the arrest occurred around 1:00 a.m.  At least three hours earlier, an event held at the civic playfield in Edmonds, known as The Taste of Edmonds, had concluded.  See Cooke Decl. at ¶ 10 (docket no. 39).  The Taste of Edmonds is an annual festival organized by The Edmonds Chamber of Commerce.  Id. at ¶ 1.  The Taste of Edmonds had ceased serving beer at 9:30 p.m. on August 10, 2012.  See id. at ¶ 12.

Plaintiff did not attend The Taste of Edmonds, and he has provided no admissible evidence to indicate that Baker participated in the event or consumed any alcoholic beverage supplied at The Taste of Edmonds.[3]  The altercation between plaintiff and Baker occurred several blocks away from the site of The Taste of Edmonds.  Moreover, the members of the City of Edmonds Police Department who arrested plaintiff were, at the time of the arrest, on duty as police officers and were not providing security for The Taste of Edmonds.  See Ex. B. to Soule Decl. (docket no. 45).  Notwithstanding the absence of any connection between plaintiff's arrest and The Taste of Edmonds, plaintiff

---

[2] Plaintiff admits that he struck Baker in the face.  Soule Decl. at ¶ 14 (docket no. 45).  Plaintiff was convicted of Assault in the Fourth Degree, as well as Resisting Arrest.  Ex. 1 to Turner Decl. (docket no. 38-1).  Plaintiff named Baker as a defendant in this case, but Baker has not appeared, and the Court has entered default against him.  See Minute Order (docket no. 13).

[3] In his response to the Commerce Defendants' motion for summary judgment, plaintiff states that two of Baker's friends told him, "they all had just come from The Taste of Edmonds' Beer Garden," citing his declaration as support.  Resp. at 8 (docket no. 44).  Plaintiff's declaration contains no such information.  Moreover, any statements made by Baker's friends to plaintiff constitute inadmissible hearsay.  See Fed. R. Evid. 802.  Plaintiff also attempts to rely on the Complaint, as well as discovery requests propounded to, but unanswered by, Baker.  Any admissions, however, made by default by Baker are not binding on the Commerce Defendants.  Lundquist v. United States, 1997 WL 355933 at *3 (9th Cir. June 27, 1997) (citing Becerra v. Asher, 105 F.3d 1042, 1048 (5th Cir. 1997); Riberglass, Inc. v. Techni-Glass Indus., Inc., 811 F.2d 565, 566-67 (11th Cir. 1987)).

ORDER - 2

has asserted claims against the Commerce Defendants for violation of 42 U.S.C. § 1983 and negligence.

**Discussion**

The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  To survive a motion for summary judgment, the adverse party must present "affirmative evidence," which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 257 (1986).  When the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted.  *See* *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

The Commerce Defendants are entitled to summary judgment.  As a matter of law, The Edmonds Chamber of Commerce, which is a private organization, does not, simply by operating The Taste of Edmonds, qualify as a "state actor" for purposes of § 1983 liability.  *See* *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 954-57 (9th Cir. 2008).  Plaintiff's assertion that the Commerce Defendants were acting under color of law in connection with plaintiff's arrest is belied by the undisputed fact that the police officers involved in the arrest were, at the time of the arrest, on duty for the City of Edmonds Police Department, and were not engaged in any security functions related to

ORDER - 3

The Taste of Edmonds, which had concluded at least three hours earlier.  Plaintiff's §1983 claim against the Commerce Defendants is therefore DISMISSED with prejudice.

In addition, as a matter of law, plaintiff cannot establish a claim for negligence against the Commerce Defendants.  Plaintiff did not attend The Taste of Edmonds, and thus, the Commerce Defendants have no liability to him as a business invitee.  Plaintiff has offered no evidence that the Commerce Defendants served alcohol to Baker or that they did so despite any apparent intoxication on Baker's part.  See *Faust v. Albertson*, 167 Wn.2d 531, 538, 222 P.3d 1208 (2009) (liability for overservice of alcohol is based on an "apparently under the influence" standard (citing RCW 66.44.200)).  Plaintiff's negligence claim against the Commerce Defendants is therefore DISMISSED with prejudice.

**Conclusion**

For the foregoing reasons, the Commerce Defendants' motion for summary judgment, docket no. 37, is GRANTED, and plaintiff's claims against defendants The Taste of Edmonds, The Edmonds Chamber of Commerce, and The Taste of Edmonds Beer Garden Operators (John and Jane Does) are DISMISSED with prejudice.

IT IS SO ORDERED.

Dated this 19th day of June, 2015.

Thomas S. Zilly
United States District Judge