1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

SHELDON SOULE,

9                    Plaintiff,

10         v.

11   CITY OF EDMONDS; CITY OF
     EDMONDS POLICE DEPARTMENT;
12   CHIEF OF POLICE AL COMPAAN;          C14-1221 TSZ
     OFFICER DAVE MACHADO;
13   OFFICER JASON ROBINSON;              ORDER
     OFFICER KEN PLOEGER; OFFICER
14   JOSH McCLURE; OFFICER JUSTIN
     LEE; OFFICER RYAN SPEER;
15   OFFICER MIKE RICHARDSON; and
     BRIAN J. BAKER,
16
                     Defendants.
17

18         THIS MATTER comes before the Court on the motion for summary judgment,

19   docket no. 53, brought by defendants City of Edmonds, City of Edmonds Police

20   Department, Chief of Police Al Compaan, and Edmonds Police Officers Dave Machado,

21   Jason Robinson, Ken Ploeger, Josh McClure, Justin Lee, Ryan Speer, and Mike

22

23

ORDER - 1

Richardson.  Having reviewed all papers filed in support of the motion, as well as the

Verified Complaint,[1] the Court enters the following order.

## **Background**

Plaintiff Sheldon Soule alleges that he was injured during the course of his arrest

by members of the City of Edmonds Police Department on August 11, 2012, after he

undisputedly assaulted another man named Brian Baker.  Plaintiff has admitted that he

struck Baker in the face.  Soule Decl. at ¶ 14 (docket no. 45); Compl. at ¶ 3.4 (docket

no. 1).  Plaintiff was convicted of Assault in the Fourth Degree and Resisting Arrest.  _See_

Ex. 1 to Turner Decl. (docket no. 38-1); Ex. B to Bucklin Decl. (docket no. 54 at 16).

Plaintiff has named Baker as a defendant in this case, but Baker has not appeared, and the

Court has entered default against him.  _See_ Minute Order (docket no. 13).  The Court has

previously granted summary judgment in this matter and dismissed plaintiff's claims

against The Taste of Edmonds, The Edmonds Chamber of Commerce, and the Taste of

Edmonds Beer Garden Operators (John and Jane Does).  _See_ Order (docket no. 52).  All

remaining defendants other than Baker now move for summary judgment.

/ / /

/ / /

---

[1] The Verified Complaint serves the same function that an affidavit would under Rule 56.  _See Schroeder v. McDonald_, 55 F.3d 454, 460 (9th Cir. 1995); _see also Seals v. Mitchell_, 331 Fed. App'x 480 (9th Cir. 2009); _Lew v. Kona Hosp._, 754 F.2d 1420, 1423 (9th Cir. 1985) ("A verified complaint may be treated as an affidavit to the extent that the complaint is based on personal knowledge and sets forth facts admissible in evidence and to which the affiant is competent to testify.").  The Court draws no negative inference from plaintiff's lack of response to defendants' motion for summary judgment.  _See Lew_, 754 F.2d at 1423 ("a party opposing summary judgment need not file _any_ countervailing affidavits or other materials where the movant's papers are insufficient on their face to demonstrate the lack of any material issue of fact" (emphasis in original)); _see also Heinemann v. Satterberg_, 731 F.3d 914 (9th Cir. 2013).

ORDER - 2

1   __Discussion__

2         The Court shall grant summary judgment if no genuine issue of material fact exists

3   and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  To

4   survive a motion for summary judgment, the adverse party must present "affirmative

5   evidence," which "is to be believed" and from which all "justifiable inferences" are to be

6   favorably drawn.  _Anderson v. Liberty Lobby, Inc._, 477 U.S. 242, 255, 257 (1986).  When

7   the record, taken as a whole, could not lead a rational trier of fact to find for the non-

8   moving party, summary judgment is warranted.  _See_ _Celotex Corp. v. Catrett_, 477 U.S.

9   317, 322 (1986) (Rule 56(c) "mandates the entry of summary judgment, after adequate

10  time for discovery and upon motion, against a party who fails to make a showing

11  sufficient to establish the existence of an element essential to that party's case, and on

12  which that party will bear the burden of proof at trial.").

13  __A.__      __The pending motion for summary judgment is GRANTED in part as follows:__

14        (1)     The City of Edmonds Police Department is not a legal entity subject to suit

15  and plaintiff's claims against it are DISMISSED with prejudice.  _See_ _Burton v. Hale_,

16  2008 WL 623718 at *2 (W.D. Wash. Mar. 4, 2008) (citing _West v. Waymire_, 114 F.3d

17  646, 646-47 (7th Cir. 1997), _Ricketts v. City of Hartford_, 74 F.3d 1397, 1400 n.1 (2d Cir.

18  1996), and _Dean v. Barber_, 951 F.2d 1210, 1214 (11th Cir. 1992)); _see also_ _Bibbs v._

19  _Tukwila Police Dep't_, 2009 WL 1531801 at *2 (W.D. Wash. Apr. 16, 2009), _adopted in_

20  _relevant part by_ 2009 WL 1531797 at *1 (W.D. Wash. May 29, 2009).

21  / / /

22  / / /

23

ORDER - 3

1    (2)    Plaintiff's claims against Officer Ken Ploeger are also DISMISSED with

2    prejudice.  Officer Ploeger was not at the scene and was not involved in plaintiff's arrest.

3    Ploeger Decl. at ¶ 3 (docket no. 57).

4    (3)    Plaintiff's claim for negligent supervision is DISMISSED with prejudice.

5    Under Washington law, a cause of action for negligent supervision is cognizable only

6    when the employee at issue acted outside the scope of his or her employment.  _LaPlant v._

7    _Snohomish County_, 162 Wn. App. 476, 479, 271 P.3d 254 (2011).  Negligent supervision

8    is not an appropriate claim when the employer concedes the employee's or employees'

9    actions occurred within the course and scope of employment, as the City of Edmonds

10   does in this matter, and the employer would be subject to vicarious liability if the

11   employee's or employees' conduct was found to constitute negligence.  _See id._ at 479-80.

12   Because negligent supervision is the sole claim against Chief of Police Al Compaan, _see_

13   Compl. at ¶¶ 4.27-4.37, Chief of Police Compaan is DISMISSED as a defendant.

14   (4)    Plaintiff's claim under 42 U.S.C. § 1983 against the City of Edmonds is

15   DISMISSED with prejudice.  Plaintiff has not provided any evidence, and has not even

16   alleged, that the City of Edmonds has an "official policy" or "longstanding practice or

17   custom" of using excessive force, as would be required for municipal liability, pursuant

18   to _Monell v. Dep't of Soc. Servs. of N.Y.C._, 436 U.S. 658 (1978).

19   **B.    The pending motion for summary judgment is otherwise DENIED for the**
20   **following reasons:**

21   (1)    With respect to plaintiff's claim of negligence, contrary to defendants'

22   contention, the public duty doctrine does not shield them from liability.  _See Conely v._

23

ORDER - 4

1 *City of Lakewood*, 2012 WL 6148866 at *12 (W.D. Wash. Dec. 11, 2012); *see also*

2 *Garnett v. City of Bellevue*, 59 Wn. App. 281, 286-87, 796 P.2d 782 (1990).  Although

3 the public duty doctrine generally forecloses negligence actions against law enforcement

4 personnel and agencies, four exceptions exist, including when a police officer "is

5 answerable to private persons who sustain special damage resulting from the negligent

6 performance of the officer's imperative or ministerial duties, unless the wrong done is a

7 violation of a duty which he owes solely to the public."  *Garnett*, 59 Wn. App. at 286.

8       (2)    Also contrary to defendants' assertion, plaintiff's *Alford* plea has no

9 preclusive effect with regard to plaintiff's § 1983 excessive force, assault, intentional

10 infliction of emotion distress (outrage), and negligence claims.  *See Clark v. Baines*, 150

11 Wn.2d 905, 907, 84 P.3d 245 (2004) ("an *Alford* plea cannot be used as the basis for

12 collateral estoppel in a subsequent civil action"); *id.* at 916 ("Where a defendant is

13 convicted pursuant to an *Alford* plea not only has there been no verdict of guilty after a

14 trial but the defendant, by entering an *Alford* plea, has not admitted committing the crime.

15 As such an *Alford* plea cannot be said to be preclusive of the underlying facts and issues

16 in a subsequent civil action." (citations omitted)).  Plaintiff is entitled to dispute, and has

17 disputed, the police reports and other materials reviewed by the Edmonds Municipal

18 Court in connection with his *Alford* plea to find him guilty of Assault in the Fourth

19 Degree and Resisting Arrest.

20       (3)    Whether Officers Machado, Robinson, McClure, Lee, Speer, and/or

21 Richardson are entitled to qualified immunity involves genuine issues of material fact.

22 With regard to a claim brought under 42 U.S.C. § 1983, an individual defendant is

23

ORDER - 5

1   entitled to qualified immunity if either of the following criteria are satisfied:  (i) the

2   alleged facts do not demonstrate a constitutional violation; or (ii) the constitutional right

3   allegedly violated was not "clearly established" at the time of the events at issue.  *See*

4   *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *A.D. v. Cal. Highway Patrol*, 712 F.3d

5   446, 453-54 (9th Cir. 2013).  The question of whether an individual has been subjected to

6   excessive force requires a balancing of "the nature and quality of the intrusion on the

7   individual's Fourth Amendment interests against the countervailing governmental

8   interests at stake."  *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010) (quoting

9   *Graham v. Connor*, 490 U.S. 386, 396 (1989)).  The facts and circumstances of each

10   particular case must be examined, including "the severity of the crime at issue, whether

11   the suspect poses an immediate threat to the safety of the officers or others, and whether

12   he is actively resisting arrest or attempting to evade arrest by flight."  *Id.*  Other

13   considerations include the "quantum of force" used, the availability of alternative

14   methods of capturing or detaining the suspect, and the suspect's mental and emotional

15   state.  *Id.*  The Court must evaluate "the totality of the circumstances," judging the

16   reasonableness of the particular use of force from the perspective of a reasonable officer

17   on the scene, not with "the 20/20 vision of hindsight," and bearing in mind that police

18   officers "need not use the least intrusive means available to them."  *Id.* at 980, 982.

19       In this case, the parties disagree about the exact sequence of events, the quantum

20   of force that was used, and whether plaintiff was resisting arrest or posed a threat to the

21   officers involved.  Sergeant Machado has stated that, on August 11, 2012, he saw

22   plaintiff punch Baker in the face with a closed fist, he ordered plaintiff to get on the

23

ground, and he drew his Taser when plaintiff did not comply.  Ex. A to Machado Decl. (docket no. 55 at 6).  According to Sergeant Machado, plaintiff showed no concern about the possible effects of being struck by the Taser, and plaintiff displayed signs of intoxication.  _Id._ (docket no. 55 at 6-7).  In contrast, plaintiff indicates that, when Sergeant Machado pointed the Taser, he did not identify himself as a police officer. Compl. at ¶ 3.6 (docket no. 1).  Plaintiff was "blinded" by the light on the Taser and could not see the person holding it, but he asked the person not to aim at his heart because he had had a heart attack about six months earlier.  _Id._ at ¶¶ 3.5-3.6.  Plaintiff has denied consuming any alcohol on the day in question.  _Id._ at ¶ 3.3.

Sergeant Machado has described plaintiff as taking a "bladed" or fighting stance and actively resisting his commands.  Ex. A to Machado Decl. (docket no. 55 at 6-7). Plaintiff contends, to the contrary, that he covered his heart with his hands and turned slightly to his side.  Compl. at ¶ 3.5.  Sergeant Machado did not apply the Taser, but instead attempted to perform a "straight arm bar takedown."  Ex. A to Machado Decl. (docket no. 55 at 7).  The effort resulted in plaintiff falling to his knees, after which Sergeant Machado grabbed plaintiff's hair on each side of his head, pulled his head forward, and yelled for him to lie on the ground.  _Id._  Officer Speer arrived to assist, grabbing plaintiff's left arm.  _Id._  Sergeant Machado has indicated that he applied three "hammer fist strikes" to the thumb-side of plaintiff's right hand, telling him to open or relax his hand to allow for cuffing.  _Id._  Plaintiff asserts that the number of "hammer fist strikes" was closer to a dozen, and that, rather than resisting cuffing, he was merely using

1  his right hand to protect his head, which had been repeatedly slammed into the ground.

2  Compl. at ¶ 3.6.

3          According to defendants, Officer Lee placed a knee onto plaintiff's upper back,

4  and Sergeant Machado used a "counter joint technique" on plaintiff's right thumb to

5  release his grasp while cuffs (supplied by Officer Robinson) were placed and double

6  locked around plaintiff's wrists.  *Id.* (docket no. 55 at 7-8); *see also* Ex. A to Lee Decl.

7  (docket no. 59 at 4).  Corporal McClure came to the scene and, with Officers Speer and

8  Lee, applied a "hobble device" to plaintiff's legs.  Ex. A to McClure Decl. (docket no. 58

9  at 5).  Officer Robinson states that he attempted to take photographs of plaintiff, but after

10  plaintiff spat at him, a "spit hood" was placed over plaintiff's head.  Ex. A to Robinson

11  Decl. (docket no. 56 at 4).  All of the officers have indicated that plaintiff yelled racial

12  slurs, profanity, and threats throughout the entire encounter.  Ex. A to Machado Decl.

13  (docket no. 55 at 7-9); Ex. A to Robinson Decl. (docket no. 56 at 4); Ex. A to McClure

14  Decl. (docket no. 58 at 5); Ex. A to Lee Decl. (docket no. 59 at 5); Ex. A to Speer Decl.

15  (docket no. 60 at 4); Ex. A to Richardson Decl. (docket no. 61 at 4).

16          In contrast, plaintiff accuses the officers of mocking and laughing at him, asking

17  him if he thought he was "a tough guy now," Compl. at ¶¶ 4.41 & 4.44, and saying

18  "smile for the camera" when they attempted to take a photograph of his bloody face, with

19  eyes nearly swollen shut, *id.* at ¶ 4.45.  Plaintiff alleges that the officers smashed his head

20  repeatedly into the concrete sidewalk, kneed him in the back and in the kidneys, applied

21  choke holds, and knelt on his neck.  *Id.* at ¶ 3.11.  No assertion has been made that

22  plaintiff was armed or tried to flee the scene.  Given the vastly different accounts of the

23

1  activities surrounding plaintiff's arrest, the Court cannot decide, as a matter of law,

2  whether the individual officers named as defendants in this case are entitled to qualified

3  immunity.

4      (4)    Likewise, the Court cannot decide, as a matter of law, whether plaintiff's

5  claims of excessive force under § 1983, assault, intentional infliction of emotional

6  distress (outrage), and negligence have merit.  Genuine disputes of material fact exist

7  concerning the quantum of force used to effect plaintiff's arrest and whether such force

8  was reasonable and lawful.

9  **Conclusion**

10     For the foregoing reasons, the Court ORDERS:

11     (1)    Defendants' motion for summary judgment, docket no. 53, is GRANTED

12 in part and DENIED in part.

13     (2)    The City of Edmonds Police Department, Chief of Police Al Compaan, and

14 Officer Ken Ploeger are DISMISSED as defendants.

15     (3)    Plaintiff's claim for negligent supervision and his claim under 42 U.S.C.

16 § 1983 against the City of Edmonds are DISMISSED with prejudice.

17     (4)    The oral argument scheduled for September 4, 2015, at 9:00 a.m., is hereby

18 STRICKEN.

19     (5)    Trial on the remaining claims of excessive force, assault, and intentional

20 infliction of emotional distress (outrage) against Officers Machado, Robinson, McClure,

21 Lee, Speer, and Richardson, and the claim of negligence against these officers and the

22 City of Edmonds remains set for November 9, 2015.

23

ORDER - 9

1    IT IS SO ORDERED.

2    Dated this 24th day of August, 2015.

3

4                                                    Thomas S Zilly

5                                             Thomas S. Zilly
                                              United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER - 10